UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW J. ODEN,

        Petitioner,

   v.

KARIN ARNOLD ,

        Respondent.

CASE NO. 3:25-cv-05235-BHS-BAT

**REPORT AND RECOMMENDATION**

Petitioner, Matthew J. Oden, is serving a prison sentence at Stafford Creek Correction Center after pleading guilty in 2006 to Murder in the First Degree while using a firearm in Pierce County Superior case number 05-1-04310-7. Using a form 28 U.S.C. § 2241 habeas petition, he challenges the validity of his Pierce County conviction and sentence.

The Court has reviewed Petitioner's application to proceed *in forma pauperis* (IFP) and the federal habeas petition and recommends the IFP application be denied. Petitioner's application avers he has an average spendable balance in his prison trust account of $88.65 and that on the date he signed his financial affidavit, he has $230 in "cash on hand." The Court thus finds Petitioner does not qualify for IFP status as he has the resources to pay the $5.00 filing fee.

The Court also recommends, for the reasons below, the habeas petition be DISMISSED with prejudice for the because it is untimely and lacks merit.

REPORT AND RECOMMENDATION - 1

(1) Although Petitioner submitted a form § 2241 habeas petition, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas relief that is available to him because he is a prisoner serving a sentence pursuant to a state court conviction and judgment. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc). The Court thus finds Petitioner's request for habeas relief should be deemed as brought under 28 U.S.C. § 2254.

As grounds for relief, Petitioner alleges the following:

> The State's concession in their response to Petitioner's motion for post conviction DNA testing (p: 13-16) filed on July 11th 2024 that no firearm was recovered establishes the lack of an essential element demanded for first degree murder; denied the petitioner the entitlement of notice Petitioner is presently being unlawfully restrained (illegal plea-agreement).

*See* Dkt. __ at 6 (habeas petition). In support of this allegation, Petitioner attached a memorandum in which he argues his lawyer was ineffective but not challenging the first degree murder charge when it lacked an essential element; that he was denied notice of this element; and that he was denied a jury determination to support an exceptional sentence as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* Memorandum.

(2) The Court need not address the merits of Petitioner's allegations because the habeas petition is untimely and barred by the statute of limitations. Petitioner is imprisoned under a state court judgment and his habeas corpus petition challenging this judgment is thus subject to a one-year statute of limitations. Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .." Separately, "[t]he time during which a properly filed application for State post-conviction or other collateral review with

REPORT AND RECOMMENDATION - 2

1  respect to the pertinent judgment or claim is pending shall not be counted toward any period of
2  limitation under this subsection." *See* 28 U.S.C. § 2244(d)(1) and (2).

3      The habeas petition avers Petitioner filed a direct appeal of his conviction claiming a
4  breach of his plea agreement, and the Washington Court of Appeals affirmed the conviction in
5  March 2017. Dkt. __ at 2 (habeas petition). The habeas petition indicates no further appeals or
6  challenges to his Pierce County conviction were made. *Id.* at 2-5.

7      The state court procedural history is fleshed out in more detail in the exhibits Petitioner
8  attached in support of his writ for habeas corpus. Exhibit C is Washington State's response to
9  Petitioner's motion for post-conviction DNA testing. That State in Exhibit C submitted that on
10 October 5, 2006 Petitioner "pled guilty to an amended information charging him with murder in
11 the first degree with firearm enhancement and was sentenced to October 30, 2006. *Id.* The
12 statement in support of probable cause filed in support of the charges indicated that no firearm
13 was recovered in the case. No DNA testing was warranted because "[t]he presence of the DNA
14 of others cannot overcome multiple witnesses identifying Oden as the shooter, as well as his own
15 admission in the guilty plea that he did cause the death of the victim while armed with a
16 firearm."

17     Exhibit C further indicates that after Petitioner pled guilty and was sentences, he filed a
18 direct appeal and on December 12, 2007, the Court of Appeals affirmed the "plea and sentence."
19 *Id.* On January 28, 2016, Petitioner filed a motion in the trial court under CrR 7.8 claiming a
20 breach of the plea agreement. The trial court denied the motion on the grounds the claim had
21 been already appealed and adjudicated by the Court of Appeals on direct review. Petitioner
22 thereafter filed a personal restraint petition (PRP) which was denied on June 22, 2016. *Id.*
23

REPORT AND RECOMMENDATION - 3

In 2016 and 2017, Petitioner filed motions in the trial court regarding his legal financial obligations and restitution. On March 19, 2019, Petitioner filed another motion under CrR 7.8 to vacate his judgment and sentence on the grounds his standard sentencing range was improperly calculated, and his no-contact order was defective. The motion was transferred to the Washington Court of Appeals which dismissed it on April 19, 2018. In 2022 Petitioner again filed a motion under CrR 7.8 claiming his offender score was improperly calculated. Between October 9, 2023 and October 31, 2023, Petitioner filed motions to compel production of his lawyer's files, for entry of a decision and to compel Brady evidence. *Id.*

Based upon the procedural history of Petitioner's state proceedings, the finality of Petitioner's Pierce County Superior Court judgment was triggered by his direct appeal in 2006. For purposes of Petitioner's direct appeal, the Supreme Court has held the finality of direct review under 28 U.S.C. § 2244(d)(1)(A) involves "two prongs." *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012). For habeas petitioners who file a certiorari petition, judgment becomes final when the Supreme Court affirms on the merits or denies certiorari. *Id.* at 150. "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review— when the time for pursuing direct review in this Court, or in state court, expires." *Id.* *Gonzalez* thus directs that when a state prisoner such as *Gonzalez* does not appeal to the State's highest court, the prisoner's judgment becomes final when their time for seeking review with the State's highest court expires. Applying this rule, the Gonzalez Court "decline[d] to incorporate the 90-day period for seeking certiorari in determining when Gonzalez's judgment became final" and held *Gonzalez's* habeas petition was time barred. *Id.* at 656.

Here, the Washington Court of Appeals denied Petitioner's direct appeal of his Pierce County conviction on December 12, 2007. Petitioner indicates he did not seek review in the

REPORT AND RECOMMENDATION - 4

Washington Supreme Court and thus under *Gonzalez*, Petitioner's judgment became final on January 12, 2008 following the expiration of the 30 days to seek state supreme court review. *See Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001) (Petition for review must be filed within 30 days). Thus under 28 U.S.C. § 2244(d)(1)(A), the one-year habeas statute of limitations started to run the next day and expired on January 12. 2009, far before the March 19, 2025 date the present petition was submitted to the Court. Dkt. 1. Petitioner's habeas petition was thus filed outside the statute of limitations as set forth under 28 U.S.C. § 2244(d)(1)(A) and is time barred.

The Court notes that under 28 U.S.C. § 2244(d)(2), a properly filed application for state post-conviction," such as a PRP, tolls the one-year period. However, a PRP will only toll the federal habeas statute of limitations only if the PRP is filed before the limitations period has expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting section "2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *see also Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001) (holding the failure to file within Section 2244's "limitation period resulted in an absolute time bar to refiling after [the petitioner's] state claims were exhausted").

Applied here, Petitioner's first collateral challenge was filed in January 2016, eight years after the Court of Appeals decision affirming his "plea and sentence" became final. The 2016 PRP was filed too late to toll the federal statute of limitations. This remains true even assuming the State Court accepted Petitioner's PRP as "timely filed," making it "properly filed" pursuant to 28 U.S.C. § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Though "properly filed" under state law equitable tolling standards, the PRP still had a filing date that fell after the federal statute of limitations expired. Accordingly, Petitioner is not eligible for § 2244(d)(2) tolling.

REPORT AND RECOMMENDATION - 5

Because petitioner's federal habeas petition is untimely, the Court considers whether there are equitable grounds to toll the statute of limitations. The federal habeas statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To obtain equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

There is nothing showing Petitioner pursued his rights diligently and some extraordinary circumstance stood in his way and prevented him from raising his habeas claims within the statute of limitations. The Washington Court of Appeals affirmed Petitioner's conviction and sentence in 2007. All of Petitioner's claims were known to him when he filed his direct appeal. He knew obviously knew whether he was represented by counsel at all critical stages, and he knew that he was charged with murder in the first degree with a firearm enhancement. what his plea agreement set forth and the sentence the Court imposed. Petitioner also knew the legal basis of his claims as the *Apprendi* decision was issued in 2000 and the *Blakely* decision in 2004.

Petitioner is "non-lawyer," but the mere fact petitioner is not a lawyer or lacks legal sophistication does not establish extraordinary circumstances required for equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance").

In short, the present habeas petition was filed far outside the habeas statute of limitations and there are no equitable grounds to extend of toll the limitations period. Because the petition is time-barred, it should be dismissed with prejudice.

(3) Although the Court need not reach the merits of Petitioner's claims, the Court notes Petitioner's claims lack merit. Petitioner claims he received an exceptional sentence. However, the judgment he attached shows the standard sentencing range for the murder in the first degree conviction is 281-374 months of imprisonment; the 364 months of imprisonment imposed for that conviction thus falls within, not outside the standard range. The record thus establishes the Pierce County Superior Court judge did not impose an exceptional sentence outside of the range.

Petitioner also claims the sentence that was imposed violated his right to a jury determination under *Apprendi v. New Jersey.* The claim lacks merits. As noted above, the sentence imposed for the first degree murder charge fell within the standard sentencing range. The protections set forth in *Apprendi* are thus not implicated. Petitioner was also charged with the firearm enhancement and plead guilty to this charge. The Court imposed an additional 60 months of imprisonment for the firearm enhancement, which Washington law statutorily required. *See* RCW 9.94A.533 (Court shall impose an additional five years for any felony defined under law a Class A felony). Petitioner's claim he lacked notice of the firearm enhancement fails because he was charged with the enhancement and pled guilty with an admission that he cause the death of the victim while using a firearm. Petitioner's *Apprendi* challenge to the imposition of the firearm enhancement also fails because *Apprendi* does not require a jury determination when the sentencing judge relies upon the terms of the charging document and the terms of the plea agreement. *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (Trial court may make factual determination based upon "the terms of the charging document, the terms of a plea agreement.").

REPORT AND RECOMMENDATION - 7

Petitioner's memorandum also claims he was not represented by counsel at all critical stages. The claim lacks merit as Petitioner's "Affidavit in Support" states "I was represented at all critical stages." Lastly, Petitioner claims that "possession of a firearm is an essential element" of first degree murder. That claim is meritless. Petitioner's judgment indicates Petitioner was convicted of murder in the first degree under RCW 9A.32.030(1)(a) which states "(1) A person is guilty of murder in the first degree when: (a) with a premeditated intent to cause the death of another person, he or she cause the death of such person or of a third person." A firearm is thus not an element of the crime for which Petitioner was convicted.

(3)   The timeliness of his present federal petition can be determined by the state court record without a hearing. The Court has the discretion to hold an evidentiary hearing, and because the record indisputably establishes the present habeas petition is untimely, an evidentiary hearing is unnecessary. *See Schriro v. Landrigan*, 550 U.S. 465, 473-474 (2007). Additionally, the Court need not reach the propriety of the state court's rulings because Petitioner's habeas petition is time-barred and should be dismissed before addressing whether the state court's rulings are contrary to clearly established law or based upon an unreasonable determination of the facts. Furthermore, in determining if 28 U.S.C. § 2254(d)(1) relief should be granted, the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). Accordingly, the Court concludes no evidentiary hearing is warranted.

(4)   If the Court dismisses the habeas petition, the Court should also deny Petitioner's motions for "Order to Show Cause, Judicial Notice, and Appointment of Standby Counsel as moot. The Court should also deny Petitioner's motion to "waive referral to magistrate" which argues a magistrate judge may not issue a report and recommendation under *Wingo v. Wedding*, 418 U.S. 461 (1974). The Court in *Wingo* held the Federal Magistrates Act did not authorize a

REPORT AND RECOMMENDATION - 8

magistrate judge to conduct an evidentiary hearing. The 1976 amendments to the Federal Magistrates Act authorize appointment of magistrate judges to conduct evidentiary hearings and submit proposed findings of fact and recommendations for disposition in federal habeas cases. See 28 U.S.C.A. s 636(b)(1)(B) (West Supp. 1982). These amendments were intended to overrule *Wingo v. Wedding*. See *U.S. v. Radditz*, 447 U.S. 667, 676 (1980) ("Congress enacted the present version of § 636(b) as part of the 1976 amendments to the Federal Magistrates Act in response to this Court's decision in *Wingo v. Wedding*"). Thus, Petitioner's claim *Wingo* bars referral of dispositive matters is groundless.

(5)     The Court should deny issuance of a certificate of appealability (COA). A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree petitioner's habeas claims are time barred. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

(6)     This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 9

1  Objections, however, may be filed no later than **April 7, 2025.** The Clerk shall note the
2  matter for **April 11, 2025**, as ready for the District Judge's consideration.

4  The failure to timely object may affect the right to appeal.
5  DATED this 24th day of March, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10